UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD RANDOLPH DAYTON, Plaintiff, v. CITY OF FAIRFIELD, et al., Defendants. | Case No. 2:24-cv-01170-CSK<br><br>ORDER<br>(ECF No. 40) |

Pending before the Court is Plaintiff Edward Randolph Dayton's Rule 59(e) motion to amend or alter the Court's June 26, 2026 Order (ECF No. 38) on the cross-motions for summary judgment filed by Plaintiff (ECF No. 29) and by Defendants City of Fairfield, Officer Nathan Strickland, Officer Frank Piro, Officer Richard Mroz, Officer Robert Ramirez-Kirgan, Officer Jimmie Williams, and Chief of Police Dan Marshall (ECF No. 30).[1] (ECF No. 40.) Plaintiff is appearing without counsel. Pursuant to Local Rule 230(g), the Court submits the motion upon the record and briefs on file.

For the reasons that follow, the Court DENIES Plaintiff's motion to amend or alter

[1] This case proceeds before the undersigned pursuant to 28 U.S.C. § 636(c) for all purposes, including the entry of judgment, pursuant to the consent of all parties. (ECF Nos. 4, 9, 10.) Case No. 2:24-cv-01170-CSK has been designated as the lead case and is consolidated with Case No. 2:23-cv-02362-CSK, with all documents filed in Case No. 2:24-cv-01170-CSK. (ECF No. 15.)

the Court's June 26, 2026 Order.

## I. BACKGROUND

The Court incorporates by reference the factual background provided in the Court's summary judgment order. *See* 6/26/2026 Order at 2-4 (ECF No. 38) ("MSJ Order"). The Court provides the procedural history relevant to this motion. The parties filed motions for summary judgment, which were fully briefed. (ECF No. 29-32.) A hearing on the parties' summary judgment motions was held on May 26, 2026. 5/26/2026 Minutes (ECF No. 33). Pursuant to the Court's order at the May 26, 2026 hearing, *see id.*, the parties filed supplemental briefs. (ECF Nos. 35, 36, 37.)

On June 26, 2026, the Court denied Plaintiff's motion for summary judgment and granted in part and denied in part Defendants' motion for summary judgment. MSJ Order. Specifically, the Court granted summary judgment for Defendants as to Plaintiff's first (false arrest), second (excessive force), third (conspiracy to commit false arrest), fourth (unlawful removal of vehicles), and fifth (conspiracy to unlawfully remove vehicles) causes of action in *Dayton v. City of Fairfield*, No. 2:23-cv-02362-CSK (*Dayton I*); denied summary judgment for Defendants as to Plaintiff's sixth cause of action in *Dayton I* (unlawful seizure of personal property arising out of the October 2022 towing incident); granted summary judgment for Defendants as to Plaintiff's first cause of action (unlawful removal of vehicles) and third cause of action (conspiracy to unlawfully remove vehicles) in *Dayton v. City of Fairfield*, No. 2:24-cv-01170-CSK (*Dayton II*); denied summary judgment for Defendants as to Plaintiff's second cause of action in *Dayton II* (unlawful seizure of personal property arising out of the April 2023 incident); and granted summary judgment for Defendant City of Fairfield on all claims brought against in in *Dayton I* and *Dayton II*. *Id.*

The Court ordered the action to proceed on (1) Plaintiff's sixth cause of action in *Dayton I* (unlawful seizure of personal property arising out of the October 2022 towing incident) against Defendants Officer Strickland and Officer Piro in their personal capacities; and (2) Plaintiff's second cause of action in *Dayton II* (unlawful seizure of

personal property arising out of the April 2023 incident) against Defendants Officer Strickland and Officer Piro in their personal capacities. *Id.* at 36.

On July 21, 2026, Plaintiff filed the instant motion to alter or amend the Court's Summary Judgment Order. Pl. Mot. (ECF No. 40). Defendants filed an opposition on August 3, 2026. Defs. Opp'n (ECF No. 41). Plaintiff did not file a reply. (*See* Docket.) Briefing is complete.

## II. LEGAL STANDARDS

### A. Motion to Alter or Amend Judgment

Federal Rule of Civil Procedure 59(e) permits a party to move a court to alter or amend its judgment. Fed. R. Civ. P. 59(e). "A district court may grant a Rule 59(e) motion if it is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (citation modified). "District courts have considerable discretion in deciding Rule 59(e) motions." *Id.* (citation modified). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "A reconsideration motion should not merely present arguments previously raised, or which could have been raised in the initial summary judgment motion." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1130 (E.D. Cal. 2001); *see also Granda v. Cal. Pub. Emps.' Ret. Sys.*, 2026 WL 1948304, at *2 (E.D. Cal. July 6, 2026) ("Rule 59(e) motions to reconsider are not vehicles permitting the unsuccessful party to rehash arguments previously presented.") (citation modified); *Costello v. U.S. Gov't*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991) ("[C]ourts avoid considering Rule 59(e) motions where the grounds for amendment are restricted to either repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment.").

## III. DISCUSSION

Having carefully reviewed Plaintiff's arguments and Defendants' arguments in

opposition, the Court denies Plaintiff's Rule 59(e) motion. Plaintiff mostly presents arguments he has already raised or could have raised in his summary judgment briefing. For example, Plaintiff repeats his argument that the use of force during the October 18, 2022 arrest was unreasonable because Plaintiff was not fleeing from the officers during the arrest. *See* Pl. Mot. at 5. Plaintiff even acknowledges in his motion that he is repeating arguments already made in his summary judgment briefing. *See, e.g., id.* at 7 (regarding removal of vehicles, Plaintiff states, "[a]s already argued…"; "As already noted in plaintiff's previous briefs…"; "as plaintiff has already argued in his motion, reply, and supplemental briefs…").

Plaintiff also has not presented newly discovered evidence, established that the Court committed clear error in its analysis, or shown there is an intervening change in controlling law. *See* Pl. Mot.; *Ybarra*, 656 F.3d at 998. For example, Plaintiff tries to distinguish case law cited by the Court in its the summary judgment order, but does not establish clear error by the Court or an intervening change in law. *See, e.g.,* Pl. Mot. at 6-8.

Plaintiff raises one new argument not in the summary judgment briefing that the Court addresses here. Plaintiff asserts that he did not intend at the May 26, 2026 summary judgment hearing to concede his challenge to Defendants' removal and disposal of his personal property surrounding his motorhome and trailer, that is, Plaintiff's property along the side of his motorhome, including a "plastic chair, dog beds, dog water basin, dog tiedown chain, tennis shoes, and water bottles." Pl. Mot. at 8. Plaintiff argues he did not mean at oral argument "that he was not challenging the destruction of these items" but that "these items could be seized if proper notice was given, but not destroyed if they had any material value." *Id.*

Plaintiff's new contention does not require reconsideration of the Court's Summary Judgment Order. First, although Plaintiff's argument is not entirely clear, upon review of the record, the Summary Judgment Order correctly construed Plaintiff's statements at oral argument acknowledging that Defendants could dispose of "any items

that were left on [the City's] actual parkway, putting the notice aside." Second, the Summary Judgment Order is unaffected by the statements at issue at the hearing. The Court's Order noted that Plaintiff is challenging the disposal of items including a "'usable plastic chair, water bottles, dog cushions and water dish and tiedown chains' on October 21, 2022." MSJ Order at 25. The Court concluded that there were genuine disputes of material fact regarding "Defendants' disposal of Plaintiff's personal property *surrounding his motorhome*" incident to both the October 21, 2022 and the April 24, 2023 towings. *Id.* at 26 (emphasis added). Specifically, genuine disputes of material fact existed as to (1) the value of Plaintiff's personal property, (2) whether Defendants had a legitimate interest in disposing of Plaintiff's personal property because it "obstructed the sidewalk or presented a health or safety hazard," (3) whether Defendants had a legitimate safety concern in destroying Plaintiff's potted plants incident to the April 24, 2023 towing; and (4) whether Plaintiff received adequate notice on both occasions. *Id.* at 26-27. Ultimately, the Court denied both parties' motions for summary judgment on Plaintiff's personal property seizure claims given these disputed facts. Thus, the issue Plaintiff raises in his motion regarding his oral argument statements did not affect the Court's ruling Plaintiff's unlawful seizure of personal property claims.

Accordingly, because Plaintiff has not satisfied any criteria for reconsideration under Rule 59(e), the Court denies Plaintiff's motion.

## IV. CONCLUSION

In conclusion, IT IS HEREBY ORDERED that Plaintiff's motion (ECF No. 40) to alter or amend the Court's June 26, 2026 Order (ECF No. 38) is DENIED.

Dated: August 18, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

8, dayt.1170.24